◼ In the Matter of the Estate of EMMA W. DOWNING, Deceased. SAUL BALMUTH, as Trustee under the Will of EMMA W. DOWNING, Deceased, Appellant; EARL STEENBURG, as Guardian ad Litem for ROBERT F. BAHR, Respondent. — Appeal from a decree of the Surrogate's Court of Saratoga County (Doran, S.), entered January 27, 1981, which settled the intermediate accounting of the trustee under decedent's will. This appeal involves interpreting the terms of a testamentary trust which was to pay Robert Frank Bahr $50 per month during his life with the following exception: "[S]aid monthly payments for the benefit of my nephew, Robert Frank Bahr shall be suspended during the time he shall be a patient at any public hospital or institution. If my nephew, Robert Frank Bahr shall be a patient at any public hospital or institution or in the event that the net income from the trust fund shall exceed the payments to be made to my nephew, Robert Frank Bahr, then the income or excess income from said trust and so much of the principal as may be necessary to make payments of Fifty Dollars ($50.00) per month shall be paid over in equal shares to the children of my nephew, Derwood Stanley Bahr so long as either of such conditions shall continue." It having previously been determined that Robert Frank Bahr is a patient in a public hospital (77 AD2d 682), a question arose concerning the disposition of the trust's income, which exceeds $50 per month, during the period of Robert's hospitalization. The Surrogate construed the will as requiring that payments to the alternate beneficiaries during this time total $50 a month even though the trust *res* generated a larger income. The trustee took this appeal. There must be a reversal. In our view, the language creating the testamentary trust evinces the intent of the testatrix to dispose of the entire income generated by the trust, with the primary concern being that Robert Frank Bahr receive a fixed monthly sum of $50 unless institutionalized. Since the alternate beneficiaries, the children of Derwood Stanley Bahr, were to share any income in excess of $50 per month generated by the trust *res,* we see no reason for adopting a

construction, as did the Surrogate, which would limit to $50 the total monthly income paid to Derwood Stanley Bahr's children during Robert's hospitalization. Decree reversed, on the law, without costs, and matter remitted to the Surrogate's Court of Saratoga County for resettlement of the intermediate account in accordance with the decision herein. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.